UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| RICHARD L. BLACKBURN, ) | |
| SHERRYL J. BLACKBURN, ) | |
| ) | Bankruptcy No. 05-07136 |
|     Debtors. ) | |
| -------------------------- ) | |
| ) | |
| HABBO G. FOKKENA, ) | |
| U.S. Trustee, ) | |
| ) | Adversary No. 06-09069 |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD L. BLACKBURN, ) | |
| SHERRYL J. BLACKBURN, ) | |
| ) | |
|     Defendants. ) | |

**ORDER RE: COMPLAINT OBJECTING TO DISCHARGE**

This matter came before the undersigned for trial on
February 12, 2008.  Plaintiff U.S. Trustee was represented by
Assistant U.S. Trustee Janet Reasoner.  Debtors/Defendants
Richard L. Blackburn and Sherryl J. Blackburn were represented by
attorney Michael Mollman.  After presentation of evidence and
argument by counsel, the Court took the matter under advisement.
This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

**STATEMENT OF THE CASE**

U.S. Trustee requests denial of discharge pursuant to 11
U.S.C. §§ 727(a)(2), 727(a)(3), and 727(a)(4)(A).  The Complaint
alleges that, 1) by failing to disclose their interest in real
estate, family trusts, and a 1994 Volvo, Debtors intended to
hinder, delay or defraud creditors or the case trustee; 2)
Debtors made a false oath or account when verifying their
bankruptcy schedules and confirming their accuracy at the meeting
of creditors; 3) Debtors failed to disclose that they had filed
two Chapter 13 cases in the Southern District of Iowa in the last
six years; 4) Debtors improperly marked the box on the petition
stating that venue was proper in the Northern District of Iowa;
and 5) Debtors have concealed, destroyed, mutilated, falsified,
or failed to keep or preserve recorded information from which the

debtors' financial condition or business transactions might be ascertained.  Debtors assert that, 1) they correctly completed their bankruptcy schedules as to their assets and liabilities; 2) their prior bankruptcy filings were not mentioned on the petition through inadvertence; and 3) they answered the discovery requests in good faith and any delay was due to the difficulty in obtaining documents from parties out of state.

## FINDINGS OF FACT

Debtors Richard and Sherryl Blackburn filed a petition for relief under Chapter 7 on October 15, 2005 in the Northern District of Iowa.  The proper venue for this action is in the Southern District of Iowa as Debtors live in Keosauqua, Iowa.  This action is Debtors fourth bankruptcy filing.  Debtors received Chapter 7 relief in 1982 in the Southern District of Iowa, and filed Chapter 13 bankruptcy petitions on April 26, 2002 and May 23, 2002, also in the Southern District.  Both Chapter 13 cases were eventually dismissed.

Mrs. Blackburn worked for the USDA for more than 35 years processing loan applications and loan closings.  Mr. Blackburn holds a bachelor's degree and was a longtime high school teacher.  Due to medical conditions, he is no longer employed.

In February, 1997, Debtors created the Richard L. Blackburn and Sherryl J. Blackburn Family Trust ("Blackburn Family Trust").  Debtors named themselves trustees and beneficiaries of this self-settled trust.  In September, 2002, Debtors opened a bank account at BankOne for the Blackburn Family Trust with an opening balance of $5,573.93.  The Blackburn Family Trust was modified in March 2003 by substituting Charles Johnston as Trustee.

Debtor Sherryl Blackburn's parents, W. Nathan and Bernadine Anderson, created The Anderson Trust on April 20, 1997.  The trust named Sherryl Blackburn as the trustee.  The Blackburn Family Trust was the sole remaining beneficiary of the Anderson Trust at the time this bankruptcy case was filed.[1]  The Anderson Trust contained assets including bank accounts, a 1994 Volvo, and a house in Scottsdale, Arizona that has an estimated market value of $220,000.

---

[1]On June 28, 2002, Sherryl Blackburn provided BankOne in Arizona with a Trust Account Certification certifying that as of that time she was Trustee of the Anderson Family Trust and the beneficiaries of the Trust were Mr. and Mrs. Anderson and the Blackburn Family Trust.

On March 4, 2002, the Anderson Trust terminated by its own terms when Mrs. Anderson was permanently institutionalized. Exhibit 24 shows a letter that Debtors received on March 31 from their attorney, Mr. Phillips, stating that termination of the Anderson Trust resulted in a transfer of all of the Anderson Trust assets to the Blackburn Family Trust.

On March 13, 2002, Mrs. Anderson executed a Power of Attorney in favor of her daughter, Debtor Sherryl Blackburn, and her granddaughter, Sherry Blackburn (Debtors' daughter). On March 15, Mrs. Anderson signed a beneficiary deed that provided that Sherryl Blackburn would receive fee simple ownership of the Arizona Real estate upon Mrs. Anderson's death. The deed was recorded on March 28.

On March 16, 2002, Mrs. Blackburn, in her capacity as Trustee of the Anderson trust, executed a warranty deed conveying the Arizona real estate to the Blackburn Family Trust. This deed was never recorded. That same day, under her authority as Power of Attorney, Mrs. Blackburn wrote a check from Mrs. Anderson's bank account to her daughter, Sherry, for $10,000. She testified that the money was a gift. Also, while acting under Power of Attorney, Mrs. Blackburn paid $2,000 to her husband's former attorney from the Anderson Trust accounts. Debtors took possession of the 1994 Volvo, reportedly to use for her mother's benefit while she resided in a nursing home in Iowa.

Mrs. Blackburn applied for Title XIX benefits for her mother on September 6, 2002 while her second Chapter 13 case was pending. She listed her mother's resources as one checking account in Arizona with a balance of $2,000 and a burial contract. On September 18, Debtors opened an account at BankOne for the Blackburn Family Trust. On September 27, Mrs. Blackburn signed an authorization for DHS to check Mrs. Anderson's bank balances. On October 2, she withdrew $45,114.86 from one of her mother's accounts and $9,586.89 from another in order to close them. At trial, she could not identify the account into which those funds were deposited.

Mrs. Blackburn admitted that she was paying the utility bills at the Arizona house while allowing her son Nathan to live there rent-free in March 2003. Her son was paying the taxes on the Arizona property as a caretaker. Debtor Sherryl Blackburn's mother, Mrs. Bernadine Anderson, died on November 20, 2003.

Debtors did not disclose the Blackburn Trust, the Anderson Trust or the Arizona property in either of the previous two Chapter 13 cases. In the pending Chapter 7 case, when filling

3

out their bankruptcy schedules and when questioned about their assets at the § 341 meeting of creditors, Debtors did not disclose their interest in the Blackburn Family Trust, the Volvo, the real estate and the bank accounts. Debtors also failed to disclose that they had disclaimed their interest in the Blackburn Family Trust bank account at BankOne on their Statement of Affairs. There was $303.34 in this account on the date they signed the disclaimer.

After Debtors filed this Chapter 7 case on October 15, 2005, U.S. Trustee served the first set of Requests for Production of Documents and Interrogatories and requested copies of the Trust documents. The requested documents were not provided until after U.S. Trustee amended the Complaint herein, adding the § 727(a)(3) claim for failure to provide documentation. A copy of the Blackburn Family Trust was provided on September 27, 2006, and a letter from attorney Phillips with a copy of the unrecorded warranty deed (dated March 16, 2002) on October 16, 2006.

After the Trust and the real estate were discovered, the Chapter 7 Trustee brought adversary proceeding 07-09047 to recover the property. This court entered a consent judgment against Debtors on September 20, 2007 requiring Debtors to execute Quit Claim Deeds to the Arizona property in favor of the Chapter 7 Trustee. It also declared that the Blackburn Trust is invalid as a spendthrift trust, and that all assets remaining in that trust, as well as any left in the Anderson Trust, constitute property of the estate.

U.S. Trustee objects to discharge on the grounds that Debtors concealed their interest in the Blackburn Family Trust and the Anderson Trust, the Arizona real estate, the 1994 Volvo, and bank accounts. U.S. Trustee also alleges that Debtors made false oaths by: 1) verifying the accuracy of their schedules and Statement of Affairs filed with the chapter 7 petition; 2) confirming their accuracy at the meeting of creditors; 3) filing this action in the the Northern District instead of in the Southern District of Iowa; 4) failing to disclose an interest in real estate on Schedule A or, alternatively, failing to disclose that Sherryl Anderson was the Trustee of the Anderson Trust that owned the real estate in Arizona; 5) failing to disclose assets on property schedules or on the Statement of Affairs; and 6) failing to disclose that Sherryl Blackburn was the Trustee of a Trust in which she was a beneficiary (on Schedule B, #18). U.S. Trustee also objects to discharge on the grounds that Debtors have concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from which the debtors'

financial condition or business transactions might be
ascertained.

Debtors claim that they answered all questions contained in
their bankruptcy schedules truthfully, that they did not transfer
any real estate within two years of the filing of their petition,
and that there was no income from any trust distributed to them
during the one year period prior to the filing of their
bankruptcy. Additionally, Debtors claim that the error on the
original petition relating to prior bankruptcy filings was merely
a scrivener's error, and that this error was disclosed under oath
at the § 341 meeting. Debtors deny that they concealed,
destroyed, mutilated, falsified, or failed to keep or preserve
any records.

## CONCLUSIONS OF LAW

U.S. Trustee's objections are governed by 11 U.S.C.
§ 727(a), which states in pertinent part:

(a) The court shall grant the debtor a discharge,
unless –

. . .

(2) the debtor, with intent to hinder, delay or
defraud . . . has . . . concealed, or has permitted to
be . . . concealed –

(A) property of the debtor, within one year
before the date of the filing of the petition;

. . .

(3) the debtor has concealed, destroyed, mutilated,
falsified, or failed to keep or preserve any recorded
information, including books, documents, records, and
papers, from which the debtor's financial condition or
business transactions might be ascertained, unless such
act or failure to act was justified under all of the
circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in
connection with the case –

(A) made a false oath or account.

5

"Because denial of discharge is a 'harsh and drastic
penalty,' § 727 is 'strictly construed in favor of the debtor,'
though its purpose remains to prevent abuse of the bankruptcy
process." In re Smith. 373 B.R. 895, 900 (Bankr. N.D. Iowa 2007)
(quoting In re Korte, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001)).

### CONCEALMENT

To support an argument for denial of discharge under
§ 727(a)(2), U.S. Trustee must show by a preponderance of the
evidence that "(1) the act complained of was done within one year
prior to the date of petition filing; (2) the act was that of the
debtor; (3) it consisted of a transfer, removal, destruction or
concealment of the debtor's property; and (4) it was done with an
intent to hinder, delay, or defraud either a creditor or an
officer of the estate." Korte, 262 B.R. at 472. Actual intent
can be inferred from the facts and circumstances surrounding the
debtor's conduct. Id. at 473. Additionally, a creditor's
ability to locate concealed information elsewhere will not
prevent a finding of concealment. Smith, 373 B.R. at 900.
Schedules must be completed properly, and not in a way that
requires the Court to conduct its own independent examinations.
Id. at 901.

As Debtors' petition was prepared by them within the year
preceding filing, the first and second elements of § 727(a)(2)
are satisfied. Debtors claim that they did not intend to hinder,
delay, or defraud by failing to disclose their interest in the
Blackburn Trust, Trust account, or real estate. Debtors claim
that they had no idea that they had any interest in the Arizona
real estate at the time of filing, or alternately, that because
the land had not been transferred in the past two years, they did
not have to mention it on their schedules. They claim they
omitted the Trusts and accounts because they received no income
from them during the one year period prior to the filing of their
bankruptcy.

These arguments are unavailing. "Concealment is a
continuing event, and under the established doctrine of
'continuing concealment,' a concealment that originated outside
the one year limitation period is within the reach of
§ 727(a)(2)(A) if the concealment continued on into the year
preceding the filing coupled with the requisite intent." Korte,
262 B.R. at 472 (quoting In re Craig, 195 B.R. 443, 448 (Bankr.
D.N.D. 1996)). Asset concealment "is typically found to exist
where the interest of the debtor in property is not apparent but
where actual or beneficial enjoyment of that property continued."

6

Korte, 262 B.R. at 472.  Debtors had a duty to disclose their
interest in all property and assets.

Debtors failed to mention the Anderson Trust, the Blackburn
Trust or the Arizona property in either of their Chapter 13
petitions filed in the Southern District of Iowa.  When
questioned in her Chapter 13 deposition on March 4, 2003, Mrs.
Blackburn admitted to knowing about the Anderson Trust, being the
Trustee of that Trust, and having the Trust document reviewed by
an attorney.  When questioned why she didn't mention the numerous
bank accounts, the Volvo, and the house on the DHS form
requesting Title XIX assistance for her mother, she replied that
she believed the Anderson Trust owned it all.

Mrs. Blackburn, exercising her power of attorney, signed a
warranty deed conveying the Arizona real estate to the Blackburn
Trust on March 16, 2002, knowing that she was already going to
inherit the property when her mother died under the previously
recorded beneficiary deed.  She also knew that the Blackburn
Trust was the sole beneficiary of the Anderson Trust, and was
informed of this again when the Anderson Trust terminated after
her mother was permanently institutionalized.  Indeed, Mrs.
Blackburn exercised absolute control over the Anderson Trust and
her mother's bank accounts prior to and after her mother's death.
She paid personal expenses from the accounts, and even allowed
her son to live in the Arizona house, rent free.

Debtors owned the property either outright or through their
self-settled trust.  Their pattern of camouflaging ownership,
while still allowing their son to live on the property rent free,
is the type of fraudulent concealment that § 727(a) and the
doctrine of continuing concealment was designed to prevent.
Therefore, the third element required to deny discharge under §
727(a)(2), concealment of Debtors' property, is satisfied.

Debtors claim that they did not intend to hinder, delay, or
defraud by failing to disclose the property or the trusts.  The
circumstances presented here, however, support a finding that
Debtors' omissions were calculated.

Based on Debtors' past pattern of nondisclosure, their vague
and contradictory testimony at trial, as well as the evidence
supporting Debtors' ownership, it is the conclusion of this Court
that Debtors knew they owned the Arizona property and the Trusts,
and their failure to disclose them as assets was intentional.
The foreseeable effect of Debtors' omissions of the Trust account
from the bankruptcy schedules was to keep the Trust hidden.  The
foreseeable effect of keeping the Trust hidden was keeping the

7

Arizona real estate from being included in their bankruptcy
estate for the benefit of their creditors.  These facts compel a
finding that Debtor omitted the Blackburn Trust and the Arizona
real estate from their schedules with the intent to hinder,
delay, or defraud creditors.

**FALSE OATH**

To establish that Debtors made a false oath under
§ 727(a)(4)(A), U.S. Trustee must prove by a preponderance of the
evidence that: "(1) Debtor made a statement under oath; (2) the
statement was false; (3) Debtor knew the statement was false; (4)
Debtor made the statement with fraudulent intent; and (5) the
statement related materially to Debtor's bankruptcy case." In re
Juehring, 332 B.R. 587, 591 (Bankr. N.D. Iowa 2005).  Statements
made by a debtor in the bankruptcy petition and during the
meeting of creditors are made under oath.  Smith, 373 B.R. at
901.

"The question of a debtor's knowledge and intent under
§ 727(a)(4) is a matter of fact." In re Sears, 246 B.R. 341, 347
(B.A.P. 8th Cir. 2000) (citing In re Olson, 916 F.2d 481, 484
(8th Cir. 1990)).  U.S. Trustee can establish fraudulent intent
through circumstantial evidence, and "statements made with
reckless indifference to the truth are regarded as intentionally
false." Sears, 246 B.R. at 347 (quoting Korte, 262 B.R. at 474).
The element of materiality encompasses more than value.  "The
subject matter of a false oath is material . . . if it bears a
relationship to the [debtor's] business transactions or estate,
or concerns the discovery of assets, business dealings, or the
existence and disposition of property." Smith, 373 B.R. 901.
This definition of materiality makes the omission of even a
relatively modest asset material, if the omission was fraudulent
and knowing. Mertz v. Rott, 955 F.2d 596, 598 (8th Cir. 1992).

Debtors completed their bankruptcy schedules under oath.
They had a duty to disclose all of their assets and liabilities,
and to file the petition in the correct district.  They failed to
disclose the presence of the Blackburn Family Trust, the
Blackburn Family Trust bank account, the Anderson Trust, the
Arizona real estate, and the Volvo on their bankruptcy schedules.
They also failed to disclose their previous Chapter 13 petitions.

Debtors exercised sufficient control over the Trusts,
accounts, and property to realize that they had value.  The
failure to disclose these assets was material.  They added
significant value to the property of the estate.  Additionally,
having previously filed three other bankruptcies in the Southern

8

District, they knew that the Northern District of Iowa was an
improper venue.

The failure to disclose the Blackburn Family Trust account
and the Anderson Trust made the discovery of the Blackburn Family
Trust difficult.  The failure to disclose the Blackburn Family
Trust made the discovery of the Arizona real estate almost
impossible.  Debtors knew that they had an interest in the
Arizona real estate.  That they quit-claimed the property over to
U.S. Trustee after its discovery does not provide immunity for
their past behavior and failure to disclose.

Failure to file in the proper district, and failure to
identify the previous Chapter 13 cases, appears designed to keep
Debtors' assets hidden as well.  Generally, a debtor who lives
outside this district, but files a bankruptcy petition here as a
matter of convenience, will not be penalized.  However, the
petition must disclose the proper district for purposes of
determining venue.  While filing in the wrong district is not per
se improper, filing in an improper district with the intent of
confusing the Court or hiding assets is inappropriate.  Debtors
were confronted in the previous Chapter 13 cases with failing to
disclose the presence of the Anderson Trust, the Blackburn Family
Trust, and the Volvo.  Filing this case in the Northern District
was designed to hide the existence of the previous Chapter 13
cases and the assets previously discovered.

Even if Debtors did not know of their interest in these
assets, it could only be because of a "reckless indifference to
the truth."  Juehring, 332 B.R. at 591.  Courts regards such
statements as "intentionally false."  Id.

It is this Court's conclusion that U.S. Trustee has proven,
by a preponderance of the evidence, that Debtors knowingly and
with fraudulent intent made material, false statements under
oath.  Debtors' discharges are denied under § 727(a)(4)(A).

### FAILURE TO PROVIDE DOCUMENTATION

A debtor may be denied discharge for failure to maintain
books and records from which "the debtor's financial condition .
. . might be ascertained."  11 U.S.C. § 727(a)(3).  "Courts have
held that an individual debtor may be denied . . . discharge for
destruction of or failure to maintain books and records which
would have been relevant to the debtor's financial condition."
In re Magnani, 223 B.R. 177, 183 (Bankr. N.D. Iowa 1997).

Debtors have not been honest in their disclosures, or timely in their production of documents to U.S. Trustee. However, there is no evidence that they failed to maintain books and records that were relevant to their financial condition. There also is no evidence that any records were destroyed. Therefore, denial of discharge under § 727(a)(3) is not established by this record.

**CONCLUSION**

U.S. Trustee has established by a preponderance of evidence that Debtors concealed their interest in the Anderson Trust, the Blackburn Family Trust, the Blackburn Family Trust account, the Arizona real estate, and the 1994 Volvo, by omitting these items from their bankruptcy petition and schedules. Debtors knowingly made a false oath by omitting these items from their schedules, by failing to disclose their previous Chapter 13 filings, and by marking the box stating that the Northern District of Iowa was the proper venue. The bankruptcy process requires complete disclosure. Debtors who violate this precept forfeit their opportunity to discharge their debts.

**WHEREFORE,** U.S. Trustee's Complaint Objecting to Discharge is GRANTED.

**FURTHER,** U.S. Trustee has proven all elements of 11 U.S.C. § 727(a)(2) and (a)(4)A) by a preponderance of the evidence.

**FURTHER,** Debtors Richard L. Blackburn and Sherryl J. Blackburn's discharges are DENIED.

**FURTHER,** judgment shall enter accordingly.

DATED AND ENTERED:
    April 3, 2008.


_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE